**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CORA FLETCHER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 10 C 139 |
| | ) | |
| v. | ) | Judge: William J. Hibbler |
| | ) | |
| THOMAS J. DART, SHERIFF OF COOK COUNTY and COOK COUNTY ILLINOIS, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COME DEFENDANTS, THOMAS J. DART AND COOK COUNTY, through their attorney ANITA ALVAREZ, State's Attorney of Cook County, through her assistant, Assistant State's Attorney PATRICK SMITH, and, answers Plaintiff's complaint as follows:

1.  This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. §1343 and 28 U.S.C. §1367.

    ANSWER: Defendants admit the allegations contained in paragraph one.

2.  Plaintiff Cora Fletcher is a female resident of the Northern District of Illinois and is among the persons included with the plaintiff class proposed in *Zaborowski v. Sheriff of Cook County*, 08 CV 6946.

    ANSWER: Defendants deny the allegations contained in paragraph two.

3.  Defendants are Thomas J. Dart, Sheriff of Cook County and Cook County,

Illinois. Plaintiff sues Dart in his individual and in his official capacity; plaintiff joins Cook County pursuant to *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

    ANSWER:    Defendants admits the allegations contained in paragraph three.

4.    At all times relevant, defendant Dart has enforced an official policy (hereinafter "shackling policy") requiring correctional officers to shackle pregnant woman, who are in the custody of the Sheriff of Cook County, during and immediately after labor and delivery.

    ANSWER:    Defendants deny the allegations contained in paragraph four.

5.    Defendant Dart's shackling policy implements a barbaric practice that needlessly inflicts excruciating pain and humiliation:

    a.    Shackling a pregnant woman during and immediately after the birthing process poses an obvious and substantial risk of harm to the woman's health and safety.

    b.    A pregnant woman who is shackled during the birthing process will often soil her bedsheets, causing actual discomfort and humiliation and subjecting the woman to a serious risk of infection.

    c.    A woman who is shackled during labor is unable to move to allay the pains of labor, and will often incur bruising from the shackles and experience a loss of dignity.

    ANSWER:    Defendants deny the allegations contained in paragraph five(a)-(c).

6.       Defendant Dart has enforced his shackling policy in willful and wanton disregard of the laws of the State of Illinois: At all times relevant, there has been in force and effect an Illinois statute, compiled as 55 ILCS 5/3-15003.6, that provides as follows:

> **Pregnant female prisoners**. Notwithstanding any other statue, directive, or administrative regulation, when a pregnant female prisoner is brought to a hospital form a County Department of Corrections facility for the purpose of delivering her baby, no handcuffs, shackles, or restraints of any kind may be used during her transport to a medical facility for the purpose of delivering her baby. Under no circumstances may leg irons or shackles or waist shackles be used on any pregnant female prisoner who is in labor. Upon the pregnant prisoner's entry to the hospital delivery room, a county correctional officer must be posted immediately outside the delivery room. The Sheriff must provide for adequate personnel to monitor the pregnant female prisoner during her transport to and from the hospital and during her stay at the hospital.

ANSWER:     Defendants deny the allegations contained in paragraph six.

7.       Defendant Dart has enforced his shackling policy in deliberate indifference to the laws of the United States:

   a.     Defendant Dart's shackling policy violates the *Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment* (the "Torture Convention"), G.A. Res. 46, 39 U.N. GAOR Supp. (No. 51), U.N. Doc. A/39/51 (1984). The United States ratified this treaty in 1994.

   b.     Defendant Dart's shackling policy also violates the *International Covenant on Civil and Political Rights* (the "ICCPR"), GA

res. 2200A (XXI), 21 U.N. GAOR Supp. (No. 16) at art. 7, U.N. Doc. A/6316 (1966). The United States ratified this treaty in 1992.

ANSWER: Defendants deny the allegations contained in paragraph seven(a)-(b).

8. Defendant Dart has enforced his shackling policy in deliberate indifference to rights secured by the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

ANSWER: Defendants deny the allegations contained in paragraph eight.

9. Plaintiff was admitted to the Cook County Jail as a pre-trial detainee on or about May 7, 2007.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph nine.

10. Plaintiff was pregnant when she was admitted to the jail.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph ten.

11. Plaintiff was transported to Stroger Hospital from the Cook County Jail on May 16, 2008 at the direction of a physician as the jail.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven.

12. As required by defendant Dart's "shackling policy" a Deputy Sheriff shackled plaintiff by hand and foot while she was being transported to the hospital.

ANSWER: Defendants deny the allegations contained in paragraph twelve.

13. Plaintiff remained at Stroger Hospital from May 16, 2008 until May 20, 2008.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen.

14. As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed while she was at Stroger Hospital on May 16, 2008.

ANSWER: Defendants deny the allegations contained in paragraph fourteen.

15. As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed while she was at Stroger Hospital on May 17, 2008.

ANSWER: Defendants deny the allegations contained in paragraph fifteen.

16. As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed for all save 45 minutes on May 18, 2008; the Deputy permitted plaintiff to leave the hospital bed and use a washroom for 15 minutes and unshackled plaintiff for 30 minutes while she received a gynecological examination. Plaintiff remained shackled to a hospital bed for the remainder of the day on May 18, 2008.

ANSWER: Defendants deny the allegations contained in paragraph sixteen.

17. As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed for all save 10 minutes on May 18, 2008.

ANSWER: Defendants deny the allegations contained in paragraph seventeen.

18. As required by defendant Dart's "shackling policy," a Deputy Sheriff required plaintiff to remain shackled to a hospital bed until she was discharged from the hospital on May 20, 2008.

ANSWER: Defendants deny the allegations contained in paragraph eighteen.

19. Following her discharge from Stroger Hopsital, and as required by Dart's "shackling policy," plaintiff was shackled while a Deputy Sheriff returned plaintiff to the Cook County Jail.

ANSWER: Defendants deny the allegations contained in paragraph nineteen.

20. As a direct and proximate result of defendant Dart's shackling policy, plaintiff was unreasonably restrained, subjected to punishment, incurred great emotional and physical pain and suffering.

ANSWER: Defendants deny the allegations contained in paragraph twenty.

21. Plaintiff hereby demands trial by jury.

ANSWER:

**AFFIRMATIVE DEFENSES**

1.      The Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  See Massey v. Helman 196 F.3d 727 (7th Cir. 1999) and Pavey v. Conley 528 F.3d 494 (7th Cir. 2008).

2.      Any injuries the Plaintiff may have incurred at the hands of the Defendants or any medical personnel were brought on my Plaintiff's own actions.

**JURY DEMAND**

Defendants respectfully request a trial by jury.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any damages or attorney's fees.  Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of their complaint and further requests that this Honorable Court grant Defendants' fees, costs, and such other belief that this Court deems just and appropriate.

                              Respectfully Submitted,

                              ANITA ALVAREZ
                              State's Attorney of Cook County

By:     /s/ Patrick S. Smith
        Patrick S. Smith
        Assistant State's Attorney
        Conflicts Counsel Unit
        69 W. Washington, 20th floor
        Chicago, Illinois 60602
        (312) 603-1422